

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **FIRST ACCEPTANCE** | ) | |
| **INSURANCE COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:23-cv-934-CLS** |
| | ) | |
| **GAYLIA ALLEN, KAIRA** | ) | |
| **ALLEN, and TANYA PEARSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This opinion addresses the motion of plaintiff, First Acceptance Insurance Company, Inc., seeking relief under Federal Rule of Civil Procedure 60 from the order entered on June 20, 2024, which dismissed plaintiff's claims with prejudice. Doc. no. 46 (Motion); doc no. 45 (Order).

The action was commenced by First Acceptance against three related defendants: *i.e.*, *Gaylia Allen*, the mother of *Tanya Pearson*,[1] and the grandmother of *Kaira Allen* (the daughter of Tanya Pearson).[2] First Acceptance asked the court to enter a judgment declaring that coverage did not exist under Alabama Personal Automobile Liability Insurance Policy CSAL 000344725 that had been issued to

---

[1] Doc. no. 25-1 (Gaylia Allen Deposition), at 20.

[2] *Id*. at 22.

Gaylia Allen in Huntsville, Alabama, on July 30, 2021.[3]  That policy insured two
automobiles:  a 2016 Chevrolet Equinox; and, a 2018 Ford Focus.  The Ford Focus
was jointly owned by defendant Gaylia Allen and her granddaughter, defendant Kaira
Allen, as a result of Gaylia's act of co-signing the loan obtained by Kaira in order to
purchase the auto; even so, it was Kaira's primary vehicle.[4]

The controversy between the parties grew out of a motor vehicle collision that
occurred in Arlington, Texas, on November 5, 2021.  Defendants Gaylia Allen, an
Alabama resident, and her daughter, Tanya Pearson, who then resided in Texas,[5] were
riding in the Ford Focus.  Tanya Pearson was in the driver's seat, and Gaylia Allen
occupied the passenger seat.[6]  They were stopped at a traffic light, waiting for the
"red" signal to cycle to "green,"[7] when the front of their vehicle was struck by a
second automobile traveling at a high rate of speed.[8]  The driver of the second vehicle

---

[3] Doc. no. 25-2 (Alabama Personal Auto Policy CSAL 334725), at ECF 4 (providing uninsured/underinsured motorist benefits in the amounts of $25,000 per person, and $50,000 per accident).  **NOTE**: "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing").  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters "ECF."

[4] *See* doc. no. 25-1 (Gaylia Allen deposition), at 32 ("That's the vehicle Kiara [*sic*] drove. . . . I cosigned for that.").

[5] *Id*. at 22.

[6] *Id*. at 37 (Q.  "But why was Tanya driving Kiara's [*sic*] Ford Focus at the time of the accident?"  A.  "She was driving me around.").

[7] *Id*. at 35.

[8] Doc. no. 1-3 (Police Report), at 3.

fled the scene of the collision without stopping to render aid.[9]  Both Tanya Pearson and Gaylia Allen sustained minor injuries, but neither requested treatment at the scene, nor was either transported by ambulance to a hospital.[10]

Following the collision, Gaylia and Tanya sought uninsured/underinsured motorist benefits under the subject policy.[11]  That precipitated the present suit for declaratory judgment, which First Acceptance commenced on July 18, 2023.  The company's attorney — Megan Kime McCarthy, a member of the Montgomery, Alabama law firm of "Ball, Ball, Matthews & Novak, P.A." — represented that this court possessed jurisdiction under the "diversity statute," 28 U.S.C. § 1332.[12]

Specifically, Ms. McCarthy stated that "Petitioner, First Acceptance, is an insurance company with its principal place of business in Tennessee,"[13] but she did

---

[9] *Id*.; doc no. 25-1  (Gaylia Allen deposition), at 33-38.

[10] Doc. no. 1-3 (Police Report), at 2-3.

[11] First Acceptance's complaint alleges that its "Alabama Personal Auto Policy CSAL 000344725 provides uninsured/underinsured motorist [coverage] in the amount of $25,000.00 per person/ $50,000.00 per accident.  (Exhibit A).  This coverage is stackable.  There are two vehicles on First Acceptance Alabama Personal Auto Policy CSAL 000344725, which means that the available coverage for uninsured/underinsured motorist is $50,000.00 per person/ $100,000.00 per accident.  (Exhibit A)."  Doc. no. 1 (Complaint), ¶ 1 (alteration supplied).

[12] The cited statute provides for federal jurisdiction of civil actions in which the amount in controversy exceeds $75,000, and the controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Where, as here, a corporation is a party, the corporate entity is "deemed to be a citizen of *every State . . . by which it has been incorporated* and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis and ellipses supplied).  The statute requires "complete diversity," meaning that the citizenship of the plaintiff must be different from the citizenship of all defendants.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

[13] Doc. no. 1 (Complaint), ¶ 1.

not identify the state in which the company was incorporated.  Defendant Gaylia

Allen was alleged "to be an individual domiciled in Madison County, Alabama,"

while defendants Tanya Peterson and Kaira Allen were "believed to be . . . domiciled

in Tarrant County, Texas."[14]

Following several extensions of time, First Acceptance eventually served each

defendant with a copy of summons and the complaint, but only Gaylia Allen filed an

answer (*pro se*, without the benefit of counsel).[15]  First Acceptance moved for default

judgment against Tanya Pearson and Kaira Allen on January 5, 2024.[16]  The court

denied the motions as premature, for failure of plaintiff's counsel to first request that

the Clerk of Court enter default against those defendants on the record of the case, as

required by Federal Rule of Civil Procedure 55.[17]  Even so, based upon the affidavits

filed with the motions, the court directed the Clerk to enter default.[18]

Meanwhile, First Acceptance moved on February 12, 2024, for summary

judgment against Gaylia Allen.[19]  She did not respond to the motion.

Notwithstanding, after considering the evidence and plaintiff's arguments, the court

---

[14] *Id.*, ¶¶ 2-4.

[15] *See* doc. nos. 8 (Answer of Gaylia Allen) & 21 (Summons returned "executed" for Kaira Allen and Tanya Pearson).

[16] Doc. nos. 22 & 23.

[17] Doc. no. 24.

[18] The Clerk entered default on February 14, 2024.  Doc. no. 27.

[19] Doc. no. 25.

denied summary judgment, concluding that unresolved issues of material fact remained.[20]   The court then referred the matter to United States Magistrate Judge Herman N. Johnson, Jr., to explore the possibility of a resolution by mediation.[21]   Judge Johnson's subsequent review of the complaint and independent internet research called into question the court's jurisdiction.

Accordingly, this court entered a show cause order, directing counsel for First Acceptance to address the jurisdictional issue.[22]   Specifically, the court directed the attention of plaintiff's counsel to records of the Texas Department of Insurance indicating that First Acceptance Insurance Company, Inc., had executed "Articles of Redomestication and Amended and Restated Articles of Incorporation" on October 31, 2006, thereby changing its domicile from the State of Tennessee to the State of Texas.   The application for redomestication was approved by the Texas Commissioner of Insurance on November 20, 2006.   Thereafter, under Texas law, First Acceptance Insurance Company, Inc., was considered to be domiciled in Texas. For such reasons, plaintiff's counsel was ordered to show cause why the case should not be dismissed for lack of subject-matter jurisdiction, because two of the defendants, Tanya Pearson and Kaira Allen, were alleged to also be "domiciled" in

---

[20] *See* doc. nos. 29 & 30.

[21] Doc. no. 30.

[22] Doc. no. 43.

Texas.

Ms. McCarthy also was directed to explain her failure to plead plaintiff's state of incorporation, as required by both 28 U.S.C. § 1332(c)(1),[23] and Federal Rule of Civil Procedure 7.1.[24]  Ms. McCarthy responded that she "made a mistake by not pleading that First Acceptance Insurance Company was incorporated in Texas," and moved to dismiss the action under Federal Rule of Civil Procedure 41(a)(2).[25]

The court entered an order on June 20, 2024, rejecting plaintiff's counsel's explanation.  The court dismissed the action with prejudice, noting counsel's disregard of the clear mandate of the applicable jurisdictional statute and Rule to identify plaintiff's citizenship — both its state of incorporation and its principal place of business.[26]  Plaintiff then filed the present motion.

Plaintiff's Rule 60 motion for reconsideration contends that this court lacked authority to dismiss the case with prejudice, because the court found, and plaintiff's counsel agreed, that there was no basis for federal jurisdiction under the diversity

---

[23] See note 12, *supra*.

[24] The relevant portion of this Rule states:  "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name — and identify the citizenship of — every individual or entity whose citizenship is attributed to that party or intervenor:  when the action is filed in or removed to federal court; . . . ."  Fed. R. Civ. P. 7.1(a)(2)(A).  Plaintiff filed a disclosure statement, but did not include the information required by that subsection.  *See* doc. no. 3.

[25] *See* doc. no. 44.

[26] Doc. no. 45.

statute, 28 U.S.C. § 1332.  Accordingly, counsel argues that the court's dismissal of this action with prejudice was a mistake, oversight, or omission that is due to be corrected.  Doc. no. 46 (Motion), at 3 (citing *Leeds v. v. Board of Dental Examiners of Alabama*, Case No. 2:18-cv-01679-RDP, 2019 WL 1696845 (N.D. Ala. Apr. 17, 2019)).

The court does not question Eleventh Circuit precedent holding that, generally speaking, dismissal of an action for lack of subject-matter jurisdiction should be without prejudice.  However, this is not the normal case.  This action was dismissed with prejudice as a sanction for plaintiff's counsel's blatant disregard of the requirements of 28 U.S.C. § 1332, and Federal Rule of Civil Procedure 7.1.  *See Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020) (holding that a court may impose sanctions even if it lacks jurisdiction over the underlying case) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992)).

Plaintiff's counsel represented that this court possessed diversity jurisdiction, when none existed.  That representation violated Federal Rule of Civil Procedure 11, which states, in relevant part:

> **(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:

\* \* \* \*

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3) (emphasis and ellipsis supplied).

Plaintiff's counsel states that she "assumed that the Plaintiff was solely domiciled in Tennessee because this is its principal place of business, all of its offices are in Tennessee and all of her interactions with the Plaintiff have been in Tennessee." Doc. no. 46 (Motion), at 1. Federal jurisdiction is not based upon assumptions, and assumptions do not satisfy the requirement of Rule 11 governing representations to the court.

More concerning, however, is this fact: the representation of plaintiff's counsel is called into more serious question by the pleadings filed by the same attorney in the United States District Court for the Southern District of Alabama, in the case styled *First Acceptance Insurance Company, Inc. v. Rosser*, Civil Action No. 2:20-cv-554-TFM-C. There, the same attorney for First Acceptance Insurance Company, Inc., listed the residence of that company on the civil cover sheet filed with the court on November 20, 2020, as "Texas." See Exhibit "A." Further, the complaint filed in that action averred that "Petitioner, First Acceptance, is an insurance company

*incorporated in Texas* with its principal place of business in Tennessee."[27]  Those pleadings — filed more than two-and-a-half years prior to the date on which the present action was commenced — confirm this court's conclusion that the misrepresentation by omission in the present case was neither a "mistake," nor an "assumption," on the part of counsel.

Rule 11(c) authorizes the court to impose sanctions for violation of Rule 11(b), to deter "repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).  In the present circumstances, the court concluded that no lesser sanction than dismissal with prejudice would serve as a deterrent.[28]  For these reasons, the motion is **DENIED**.

Finally, it is **ORDERED** that counsel for plaintiff, Megan Kime McCarthy, of the Montgomery, Alabama law firm of "Ball, Ball, Matthews & Novak, P.A.," appear before this Court at the United States Courthouse located at 101 Holmes Avenue in Huntsville, Alabama, at **10:30 o'clock a.m.** on **Thursday**, **July 18**, **2024**, and show

---

[27] The complaint in the action filed in the United States District Court for the Southern District of Alabama is sealed to the public and, therefore, the court will not append it to this order. Even so, this court has reviewed a copy provided by the Clerk of that Court, and the textual quotation is copied from that sealed document.

[28] Under the so-called "declaratory judgment exception," dismissal with prejudice does not necessarily bar subsequent litigation of the claims defendants may have against First Acceptance. *See*, *e.g.*, *Empire Fire and Marine Insurance Co. v. J. Transport, Inc.*, 880 F.2d 1291, 1296 (11th Cir. 1989) ("[T]he supplemental nature of [declaratory] relief requires that preclusive effect can only be given to relitigation of any issue *actually* litigated and necessary to the judgment rendered.") (alterations supplied, emphasis in original) (citing *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530, 538 (5th Cir. 1978)).

cause, if any she have, why additional sanctions should not be imposed for her failure to allege the state in which First Acceptance Insurance Company, Inc., is incorporated, as she had done in the action filed in the Southern District of Alabama on November 20, 2020, in the case styled *First Acceptance Insurance Company, Inc. v. Rosser*, Civil Action No. 2:20-cv-554-TFM-C, and why she asserted in her response to the order to show cause that she mistakenly "assumed" First Acceptance was solely domiciled in Tennessee when she clearly pled the company's Texas domicility in the earlier-filed Southern District of Alabama action.

     **DONE** and **ORDERED** this 9th day of July, 2024.

_____
Senior United States District Judge